## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

      Petitioner,

v.                                    No. CV 08-1178 WJ/DJS

SUPREME COURT OF THE STATE OF NEW MEXICO,

      Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Petitioner's Pro Se Petition For A Peremptory Writ Of Mandamus. Petitioner is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. The in forma pauperis motion will be granted, and for the reasons below, the Petition will be dismissed

      A mandamus proceeding is a civil action for purposes of review under § 1915(e)(2). *See Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *cf. In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998). The Court has the discretion to dismiss an in forma pauperis petition *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A petitioner must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Petitioner's pro se

Petition, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Petition alleges that the New Mexico Supreme Court wrongfully denied an earlier petition for writ of mandamus filed in that court. Petitioner asserts that the state court's action violated his rights under the Due Process Clause. He seeks an order requiring the New Mexico Supreme Court to adjudicate his original mandamus petition.

First, the relief that Petitioner seeks is not available under applicable statutes. The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." § 1361. The Defendant is not a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought. As the Court of Appeals for the Tenth Circuit has stated, "[F]ederal courts have no authority to issue a writ of mandamus to a state court." *Stewart v. Hill*, 8 F. App'x 894, 895 (10th Cir. 2001) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992)).

Even if the Petition were construed as a complaint seeking an injunction, *see, e.g., Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that plaintiff's pro se characterization of claims is not dispositive), no relief is available. An injunction may issue under a federal writ statute, *see, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994), if the pleading and proof standards for mandamus are met, *see id.* Petitioner's request for injunctive relief against the state court is barred, however, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state

court proceedings except in very limited circumstances. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Petitioner does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co.*, 433 U.S. at 630. Petitioner's Petition invokes none of the statutory exceptions and is therefore barred.

Second, to the extent Petitioner seeks an order overruling a state court's final order, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), adjudication of his Petition would require impermissible review of a state court proceeding. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state right], then the District Court is in essence being called upon to review the state

court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432.  Insofar as Petitioner's claim attacks a judgment of the New Mexico Supreme Court, he may pursue his remedies only in the Supreme Court of the United States.  *See Anderson*, 793 F.2d at 263.  The Petition will be dismissed with prejudice.  *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in [a proper forum]"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Petitioner's Pro Se Petition For A Peremptory Writ Of Mandamus is DISMISSED with prejudice for failure to state a claim for relief under applicable statutes, or, alternatively, for lack of subject matter jurisdiction; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE